## ATTACHMENT A

### Description of Equipment to Be Searched

The equipment to be searched consists of the following:

1. Black Apple iPhone seized on October 15, 2020 by Royal Canadian Mounted Police, presently in FBI custody as Evidence Item 1B8, Case 281E-BS-4494114; and

2. Black Samsung Galaxy A6, Serial Number RF8K83DN47H, Model SM-A600A, seized on October 15, 2020 by Royal Canadian Mounted Police, presently in FBI custody as Evidence Item 1B9, Case 281E-BS-4494114.

The equipment is located at the Worcester Resident Agency office of the Federal Bureau of Investigation at 120 Front Street, Suite 810-G, Worcester, Massachusetts 01608.

## ATTACHMENT B

### Items to Be Seized

I. All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of 18 U.S.C. § 401, including those related to:

    A. The following people, entities, physical addresses, telephone numbers, bank accounts, websites, e-mail addresses, IP addresses, ~~[list other categories as appropriate]~~:

        1. Ashokkumar PATEL, a/k/a Andy Patel

        2. Other individuals with whom PATEL communicated between on or about October 2, 2020 and October 16, 2020.

    B. The following topics:

        1. PATEL's intended travel plans between on or about October 2, 2020 and October 16, 2020;

        2. PATEL's research of refugee status and/or asylum status in Canada;

        3. PATEL's commission of contempt or other crimes between on or about October 2, 2020 and October 16, 2020;

        4. PATEL's purported backpacking trip;

        5. PATEL's communication with others between on or about October 2, 2020 and October 16, 2020.

    C. The payment, receipt, transfer, or storage of money or other things of value by PATEL or any other individuals with whom PATEL communicated between on or about October 2, 2020 and October 16, 2020, including:

       1. Bank, credit union, investment, money transfer, and other financial accounts;

       2. Credit and debit card accounts;

       3. Tax statements and returns;

       4. Business or personal expenses;

       5. Income, whether from wages or investments;

       6. Loans;

D. The travel or whereabouts of PATEL between on or about October 2, 2020 and October 16, 2020;

E. The identity, location, and travel of any co-conspirators, as well as any co-conspirators' acts taken in furtherance of the crimes listed above;

F. Evidence of who used, owned, or controlled the equipment;

G. Evidence of malicious computer software that would allow others to control the equipment, software, or storage media, evidence of the lack of such

malicious software, and evidence of the presence or absence of security software designed to detect malicious software;

H. Evidence of the attachment of other hardware or storage media;

I. Evidence of counter-forensic programs and associated data that are designed to eliminate data;

J. Evidence of the times the equipment was used;

K. Passwords, encryption keys, and other access devices that may be necessary to access the equipment;

L. Records relating to accounts held with companies providing Internet access or remote storage of either data or storage media; and

M. ~~Records relating to the ownership, occupancy, or use of the location from which the equipment was obtained by law enforcement investigators.~~

II. Serial numbers and any electronic identifiers that serve to identify the computer equipment.

## DEFINITIONS

For the purpose of this warrant:

A. "Equipment" means any hardware, software, storage media, and data.

B. "Hardware" means any electronic device capable of data processing (such as a computer, digital camera, cellular telephone or smartphone, wireless communication device, or GPS navigation device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and

     any security device, (such as electronic data security hardware and physical locks and keys).

  C. "Software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

  D. "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, USB or thumb drive, or memory card).

  E. "Data" means all information stored on storage media of any form in any storage format and for any purpose.

  F. "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

### Return of Seized Equipment

If, after inspecting seized equipment, the government determines that the equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity and accuracy (but not necessarily relevance or admissibility) for evidentiary purposes.

If equipment cannot be returned, agents will make available to the equipment's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain

or constitute contraband; passwords, account information, personally-identifying information of victims; or the fruits or instrumentalities of crime.